# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CARRADINE CHIROPRACTIC CENTER, INC., individually, and as the representatives of a class of similarly-situated persons, | Civil Action No.: 4:15-cv-2378 |
| | Judge: |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| POSTURE PRO, INC., and JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff Carradine Chiropractic Center, Inc. ("Carradine Chiropractic" or "Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Carradine Chiropractic or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Posture Pro, Inc. ("Posture Pro") and John Does 1-10:

## PRELIMINARY STATEMENT

1.  This case involves the sending of unsolicited advertisements via facsimile.

2.  The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227. Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine. The JFPA allows private rights of action and provides statutory damages of $500.00 per violation.

3.  Posture Pro sent an unsolicited advertisement to Carradine Chiropractic on April of 2012 ("the 4/12 Fax Ad"). A copy of the 4/12 Fax Ad is attached hereto as Exhibit A. The

4/12 Fax Ad promotes the commercial availability and/or quality of Posture Pro's goods and/or services.

4. The receipt of an unsolicited advertisement via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself.  A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5. Based on information, belief, and the appearance of the 4/12 Fax Ad itself, Posture Pro also sent the 4/12 Fax Ad to numerous other persons via their respective fax machines.  Posture Pro will likely continue to send such advertisements via facsimile absent an injunction or other action prohibiting such conduct.

6. On behalf of itself and all others similarly situated, Carradine Chiropractic brings this case as a class action against Posture Pro under the JFPA.

7. The claims of Carradine Chiropractic and the other recipients of the 4/12 Fax Ad are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Posture Pro, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; (ii) statutory damages in the amount of $500.00 for each violation of the JFPA, and (iii) treble damages as provided by § 227(b)(3) of the JFPA.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

9. This Court has personal jurisdiction over Posture Pro because Posture Pro transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

10. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

11. Carradine Chiropractic is an Ohio corporation, and it operates a chiropractic clinic located at 8286 South Ave, Building B in Boardman, OH 44512.

12. Posture Pro, Inc. is a California corporation, and its principal place of business is located at 18584 Main Street in Huntington Beach, CA 92647. Posture Pro sells medical equipment such as back and neck pain relieving products.

13. John Does 1-10 assisted Posture Pro in its facsimile advertising activities by providing a list of fax numbers, transmitting the 4/12 Fax Ad, providing advice or assistance on the content of the 4/12 Fax Ad, *etc.* The identity of the John Doe defendants is not presently known but will be identified through discovery.

## FACTS

14. Posture Pro sent material to Carradine Chiropractic via its office facsimile machine that promoted the commercial availability or quality of Posture Pro's goods or services in April of 2012.

15. Posture Pro did not seek or obtain permission from Carradine Chiropractic to send ads to Carradine Chiropractic's facsimile machine prior to doing so.

16. Although the 4/12 Fax Ad contained an opt-out notice, it did not comply with the requirements of the JFPA.

17. Based on information, belief, and the appearance of the 4/12 Fax Ad itself, Posture Pro sent the 4/12 Fax Ad to more than forty persons via facsimile.

## CLASS ACTION ALLEGATIONS

18. In accordance with Fed. R. Civ. Pro 23, Carradine Chiropractic brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action (2) were sent the 4/12 Fax Ad or similar material (3) via facsimile (4) by or on behalf of Posture Pro." This class of persons constitutes the putative class members. Carradine Chiropractic may amend the class definition after discovery identifies potential class members, additional facsimile advertisements, and/or the contours of the class.

19. Numerosity: Based on information, belief, and the appearance of the 4/12 Fax Ad itself, the number of putative class members exceeds forty. 4/12 Fax Ads are typically sent to hundreds if not thousands of persons. The joinder of such a large group of persons in a single lawsuit would be impracticable.

20. Commonality: Common questions of law and fact apply to the claims of the putative class members. These include the following:

    (a) Whether the 4/12 Fax Ad constitutes an "unsolicited advertisement" within the meaning of the JFPA;

    (b) How Posture Pro compiled or obtained the list of fax numbers to which the 4/12 Fax Ad was sent;

    (c) Whether Posture Pro obtained "express invitation or permission" within the meaning of the JFPA from the intended targets prior to sending them the 4/12 Fax Ad;

    (d) Whether the opt-out notice on the 4/12 Fax Ad complies with the requirements of the JFPA;

      (e)      Whether Posture Pro violated the JFPA and the regulations promulgated thereunder with regard to the 4/12 Fax Ad; and

      (f)      Whether Posture Pro sent the 4/12 Fax Ad intentionally, knowingly, or willfully.

21.    <u>Typicality</u>:  Carradine Chiropractic's claims are typical of the claims of the putative class members.  Carradine Chiropractic is asserting the same claim under the same federal statute as the other members of the putative class.  Carradine Chiropractic is also seeking the same relief for itself and the other members of the putative class.

22.    <u>Adequacy</u>:  Carradine Chiropractic will fairly and adequately represent the interests of the putative class members.  Carradine Chiropractic has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced counsel to assist it in doing so.

23.    <u>Predominance</u>:  The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

      (a)      Carradine Chiropractic's claim depends on the same factual and legal issues as that of the putative class members;

      (b)      the evidence supporting Posture Pro's likely defenses will come solely from Posture Pro's own records and will not require any information or inquiries from individual class members;

      (c)      the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

      (d)      the identity of the putative class members can be readily ascertained from Posture Pro or its agents' computer records, phone records, or other business records.

24. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

    (a) the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

    (b) the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

    (c) many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

    (d) the evidence concerning each of putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA

25. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. 227(b)(1).

26. The JFPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

27. Posture Pro sent the 4/12 Fax Ad to the facsimile machines of Carradine Chiropractic and numerous other persons.

28. The 4/12 Fax Ad promotes the commercial availability and/or quality of the goods and/or services of Posture Pro.

29. Posture Pro did not obtain prior express invitation or permission from Carradine

Chiropractic before sending the 4/12 Fax Ad to Carradine Chiropractic's fax machine. Based on information and belief, Posture Pro is continuing to send unsolicited advertisements to persons via facsimile in violation of the JFPA and, absent intervention by this Court, will continue to do so.

30. Posture Pro's conduct has caused Carradine Chiropractic and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff Carradine Chiropractic Center, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant Posture Pro, Inc. and John Does 1-10 as follows:

(1). that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Carradine Chiropractic as the representative of the class, and appoint Carradine Chiropractic's counsel as counsel for the class;

(2). that the Court award statutory damages for each violation by Posture Pro;

(3). that the Court enjoin Posture Pro from additional violations of the JFPA; and

(4). that the Court award pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

CARRADINE CHIROPRACTIC CENTER, INC., individually and as the representative of a class of similarly-situated persons,

*/s/ Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW E. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, Ohio 45202
(513) 241-4722
(513) 241-8775 (fax)
Email: gjonson@mrjlaw.com
mstubbs@mrjlaw.com

*Counsel for Carradine Chiropractic Center, Inc.*